IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GREGORY LAMONT WOOTEN, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | C.A. NO. C-06-563 |
| | § | |
| DAN JOSLIN, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate housed at FCI Beaumont. Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2241, requesting habeas review of the BOP's decision denying him an opportunity to participate in the substance abuse treatment program (D.E. 1). Pending is petitioner's request for appointment of counsel (D.E. 20).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). *See also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (right to appointed counsel does not extend to post-conviction proceedings). Counsel may be appointed in habeas cases when required in the interests of justice. 18 U.S.C. § 3006A(a)(2); *Santana v. Chandler*, 961 F2d 514, 516 (5th Cir. 1992). Petitioner states that he has limited resources and limited use of the law library. But the issues in this case are not complex, and petitioner's pleadings demonstrate that he is capable of performing fairly complex legal research and he can cite to case law. His legal

arguments are well reasoned. He does not need help in the law library. The interests of justice do not require appointment of counsel.

If petitioner's case is scheduled for an evidentiary hearing, counsel will be appointed to represent him. If the interests of justice so require at any point in this litigation, counsel will be *sua sponte* assigned.

Accordingly, petitioner's motion for appointment of counsel (D.E. 20) is denied without prejudice.

ORDERED this 23rd day of May, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE